UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald G. Carman, | ) | Case No.: 1: 16 CV 2532 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| Joseph D. Buckley, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Ronald G. Carman, a detainee in the Cuyahoga County Jail, has filed this *in forma pauperis* civil rights action under 42 U.S.C. §1983 against Defendant Joseph D. Buckley, a public defender appointed to represent the Plaintiff in a criminal case in Cuyahoga County. The Plaintiff contends Mr. Buckley's representation of him is unwanted, and he seeks $50,000 compensation for Mr. Buckley's refusal to withdraw and his "continuing unwanted representation causing a delay of speedy trial, and the anxiety of being held in the County Jail by delaying trial." (Doc. No. 1. at 5.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required 28 U.S.C. §1915(e)(2)(B) to screen *in forma pauperis* actions, and dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630

F.3d 468, 470 (6th Cir. 2010).

The Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). In order to state a viable claim under §1983, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of state law. *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003). "It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of §1983." *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

## Conclusion

Accordingly, the Plaintiff has not alleged a plausible claim against Mr. Buckley, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 5, 2017